Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000142
12-SEP-2014
08:12 AM

NO. CAAP-12-0000142

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LAMBERT CHRISTIAN SMITH, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1P111-11382)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Defendant-Appellant Lambert Christian Smith (Smith), pro se, appeals from a "Notice of Entry of Judgment and/or Order" entered on January 24, 2012, and a "Notice of Entry of Judgment and/or Order" entered on March 12, 2012 in the District Court of the First Circuit, Honolulu District (district court).[1] Judgment was entered against Smith for Criminal Trespass in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-814(1)(a) (Supp. 2013).

Smith's opening brief does not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28 in numerous ways.[2]

---

[1] The Honorable Dean Ochiai presided.

[2] Among other things, Smith's opening brief lacks a concise statement of the case with citation to the record; a concise statement of the points of error that clearly identifies the alleged error and includes record cites to reflect where the error occurred and where Smith brought the error to the district court's attention; a "Standard of Review" section; or an argument section containing citations to authorities or parts of the record. See HRAP Rule 28(b).

This could be sufficient grounds to dismiss Smith's appeal. Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995); HRAP Rule 30 ("When the brief of an appellant is otherwise not in conformity with these rules, the appeal may be dismissed[.]"). However, because we seek to address cases on the merits where possible, we address Smith's arguments to the extent they are discernable. See Bettencourt, 80 Hawai'i at 230, 909 P.2d at 558.

As best as can be discerned, Smith asserts the following on appeal: he was not read his Miranda[3] rights; notices posted on the entrance gates to the grounds of 'Iolani Palace stated 6:00 a.m.-11:00 p.m. for opening and closing times and it was about 5:00-5:15 p.m. when he was asked to leave; he also contends "[t]here was never ever any posting of signs indicating the extent and scope of closure on the gates to the grounds of Iolani Palace[]"; as the lawful landowners of 'Iolani Palace, his group had the right to gather on the grounds of 'Iolani Palace; and he is a living sovereign under the jurisdiction of Ko Hawaii Pae Aina and there is no jurisdiction in this case.

Smith does not point to anything in the record that supports his claim under Miranda v. Arizona, 384 U.S. 436 (1966), or his arguments as to whether he was trespassing. "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript. The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." Bettencourt, 80 Hawai'i at 230, 909 P.2d at 558 (citations, internal quotation marks and brackets omitted). Smith has not provided any transcripts from the proceedings before the district court. Without transcripts from the trial, there is no way for this court to determine the sufficiency of

---

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

the evidence submitted against Smith.[4]  "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusions."  HRAP 10(b)(3); see also HRAP 11(a) ("It is the responsibility of each appellant to provide a record . . . that is sufficient to review the points asserted[.]").  Thus, there is no basis for this court to determine whether the district court somehow erred.  See Bettencourt, 80 Hawai'i at 230, 909 P.2d at 558.  "Because we cannot verify the alleged error from the record in this case, and we will not presume error based upon a silent record, the presumption that the trial court acted without error must prevail."  State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000).

With regard to Smith's argument that the courts of the State of Hawai'i lack jurisdiction in this case because he is subject to the jurisdiction of Ko Hawaii Pae Aina, his arguments are foreclosed by State v. Kaulia, 128 Hawai'i 479, 291 P.3d 377 (2013) and State v. Fergerstrom, 106 Hawai'i 43, 101 P.3d 652 (App. 2004).  In Kaulia, the defendant argued that "the courts of the State of Hawai'i lacked subject matter jurisdiction over his criminal prosecution because the defense proved the existence of the Hawaiian Kingdom and the illegitimacy of the State of Hawai'i government."  128 Hawai'i at 486-87, 291 P.3d at 384-85.  The Hawai'i Supreme Court rejected the defendant's claim.  Id. at 487, 291 P.3d at 385.  The supreme court ruled that:

> [defendant] appears to argue that he is immune from the court's jurisdiction because of the legitimacy of the Kingdom government. In that regard, we reaffirm that whatever may be said regarding the lawfulness of its origins, the State of Hawai'i . . . is now, a lawful government. Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws.

---

[4]  Attached to his opening brief, Smith submits nearly seventy pages of exhibits.  However, except for one page, there is no indication in the record on appeal that these documents were admitted into evidence.

Id. (citations, internal quotation marks, and brackets omitted); see also Fergerstrom, 106 Hawai'i at 55, 101 P.3d at 664 (holding that "[p]ersons claiming to be citizens of the Kingdom of Hawai'i and not the State of Hawai'i are not exempt from the laws of the State of Hawai'i applicable to all persons (citizens and non-citizens) operating motor vehicles on public roads and highways within the State of Hawai'i"). "Pursuant to HRS § 701-106 (1993), 'the [S]tate's criminal jurisdiction encompasses all areas within the territorial boundaries of the State of Hawai'i.'" Kaulia, 128 Hawai'i at 487, 291 P.3d at 385 (footnote and citation omitted). Consistent with Kaulia and Fergerstrom, the district court had jurisdiction over Smith's case.

Therefore, it is hereby ordered that the "Notice of Entry of Judgment and/or Order" entered on January 24, 2012, and the "Notice of Entry of Judgment and/or Order" entered on March 12, 2012, in the District Court of the First Circuit, are affirmed.

DATED: Honolulu, Hawai'i, September 12, 2014.

On the briefs:

Lambert Christian Smith
Defendant-Appellant, pro se

Vince S. Kanemoto
Laura K. Maeshiro
Deputy Attorneys General
Criminal Justice Division
Department of the Attorney General
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

4